UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:12-CR-067 JD |
| | ) | |
| OMAR DURAN LAGUNES (01) | ) | |
| MARGARITO FUENTES REYES (02) | ) | |
| RAUL RAFAEL ROMAN CAMACHO (03) | ) | |
| LUIS OMAR MONTES MERINO (04) | ) | |
| YALITZA EXCLUSA BORRERO (05) | ) | |
| EVELYN RIVIERA BORRERO (06) | ) | |

ORDER

Pending before the Court is a motion by Luis Omar Montes Merino to sever his trial from his five co-defendants [DE 73]. For the reasons that follow, the Court denies the motion.

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment." *Zafiro v. United States*, 506 U.S. 534, 539 (1992). "In all but the most unusual circumstances, the risk or prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009) (internal citations omitted).

Mr. Merino contends that he would be deprived of a fundamentally fair trial if tried with his co-defendants. He gives two reasons: first, he asserts that his co-defendant Omar Duran Lagunes would, if called as a witness, testify that Mr. Merino "had no knowledge of the defendant, Lagunes', business and was not a partner but merely an employee." Second, he claims that the vast majority of the evidence in the case will point to Lagunes and other co-defendants, not Mr. Merino, and that trying him with the others could lead the jury to convict Mr. Merino of guilt by association. The government filed a motion to strike Mr. Merino's motion to sever as

untimely, or in the alternative to summarily deny the motion. *See* DE 75.[1] The Court has already granted Mr. Merino's request for permission to file an untimely pretrial motion, *see* DE 98, and therefore treats the government's motion as a response in opposition. The government argues that any evidentiary spillover issues can be addressed by instructing the jury to it must consider the evidence against each defendant separately, and that Mr. Merino has not met his burden to demonstrate that his co-defendant would testify in a separate trial or that the testimony would, in fact, be exculpatory.

The Court agrees with the government on both issues. Regarding the alleged disparity in culpability between Mr. Merino and his co-defendants, the Court has not yet seen the evidence and Mr. Merino has not even attempted to proffer how the evidence will show that he is significantly less culpable that other co-defendants. Moreover, it seems unlikely to the Court that "95% or more of the Government's case points to Lagunes and the other co-defendants," as Mr. Merino claims: the crime charged is a conspiracy, so any evidence showing the existence of the conspiracy and its purposes is directly relevant to the culpability of each member. The Court does not believe that it will be difficult for a properly instructed jury to distinguish between the government's burden to prove that each individual defendant personally joined the conspiracy and its burden to prove that the conspiracy existed and what the ends of that conspiracy were.

Regarding the potential testimony of co-defendant Omar Duran Lagunes, the Court conducts a three step inquiry in determining whether severance is warranted, considering "(1) whether the co-defendant's testimony would be exculpatory; (2) whether the codefendant would in fact testify; and (3) whether the testimony would bear on defendant's case." *United States v. Magana*, 118 F.3d 1173, 1190 (7th Cir. 1997)."To justify severance, a defendant must provide

---

[1]The Court has already granted Mr. Merino's request for permission to file an untimely pretrial motion, *see* DE 98, and therefore treats the government's motion as a response in opposition.

some support, such as an affidavit or recorded testimony, that his codefendant would testify in a manner which would exculpate him. Severance cannot be granted on the basis of a vague, unsupported assertion that a codefendant would testify favorably in a separate proceeding." *United States v. Andrus*, 775 F.2d 825, 847 (7th Cir.1985).

Here, Mr. Merino has not met his burden. First, he has made no proffer of what the testimony would be, so the court cannot evaluate whether it would in fact be exculpatory. For example, while Mr. Merino is charged with conspiring to commit immigration and mail-fraud offenses, his level of knowledge of the detailed workings of the conspiracy is not necessarily relevant to his guilt. Without significantly more detail regarding the testimony that Mr. Lagunes would offer, Mr. Merino cannot meet his burden at the first step of the analysis. Second, Mr. Merino has not offered evidence, such as an affidavit from his co-defendant, that Mr. Lagunes would actually waive his Fifth Amendment rights and testify even if the trials were severed. Assuming Mr. Lagunes would indeed refuse to testify at his own joint trial with Mr. Merino, why would he testify in a separate trial and subject himself to thorough cross-examination and possible self incrimination? Mr. Merino has offered nothing more than an unsupported assertion of a mere possibility that Mr. Lagunes would give testimony—which may or may not be exculpatory.

Accordingly, the Court **DENIES** the Defendant Luis Omar Montes Merino's Motion to Sever [DE 73].

SO ORDERED.

ENTERED:  December 12, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court