UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) Case No. 3:12-CR-067 JD |
| | ) |
| OMAR DURAN LAGUNES (01) | ) |
| MARGARITO FUENTES REYES (02) | ) |
| RAUL RAFAEL ROMAN CAMACHO (03) | ) |
| LUIS OMAR MONTES MERINO (04) | ) |
| YALITZA EXCLUSA BORRERO (05) | ) |
| EVELYN RIVIERA BORRERO (06) | ) |

### **Opinion and Order**

Pending before the Court are motions filed by counsel for Raul Rafael Roman Camacho—now also joined by his co-defendants—to exclude certain evidence from the trial [DE 88] and to strike surplusage from the indictment [DE 89]. The issues are fully briefed and ripe for adjudication [DE 95, DE 106]. For the following reasons, the Court denies the motions.

### **Background**

On June 14, 2012, a grand jury returned a two-count indictment against the six defendants in this case [DE 1]. Both counts of the indictment allege a conspiracy to commit substantive offenses. Count 1 alleges that the defendants knowingly and intentionally conspired to commit substantive immigration offenses in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I)—specifically, that they conspired to "encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law," in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and to "conceal, harbor, or shield aliens from detection knowing and in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law," in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); and it is alleged that both

objectives were done "for private gain and commercial advantage," subjecting the defendants to enhanced penalties under 8 U.S.C. § 1324(a)(1)(B)(i). Count 2 alleges that the defendants knowingly and intentionally conspired to commit mail fraud—specifically, to commit the offense of mail fraud in furtherance of the conspiracy described in Count 1, in violation of 18 U.S.C. § 1341.

As the Court noted in its previous order denying the request to dismiss the indictment [DE 138], the narrative accompanying Count 1 sets out in detail both some of the means by which the alleged conspiracy violated the underlying laws and some of the overt acts that members of the conspiracy undertook in furtherance of its objectives. Before the Indiana Bureau of Motor Vehicles (BMV) will issue a vehicle registration, license plate, or title to an individual, the BMV verifies the individual's social security number, name, and date of birth. As a consequence, undocumented aliens without valid social security numbers cannot obtain registrations, license plates, or titles for their vehicles. The defendants, under the direction of Omar Duran Lagunes, allegedly operated a business at several locations throughout the State of Indiana—primarily in the Southern District of Indiana but also at locations in the Northern District—that helped undocumented aliens obtain these items, notwithstanding the obstacles erected by the BMV.

According to the indictment, while individuals cannot register, title, or plate their vehicles without valid social security numbers, corporations and limited liability companies (which do not have social security numbers) need only Employer Identification Numbers from the Internal Revenue Service. The defendants therefore allegedly helped undocumented aliens circumvent the BMV's social security number requirement by creating individual LLC's in the aliens' names, registering the LLC's with the Indiana Secretary of State, obtaining Employer

Identification Numbers from the IRS, and then obtaining registrations, license plates, and titles for the vehicles from the BMV in the name of the LLC. Along the way, the defendants allegedly counseled their customers to evade taxes by reporting false values for their vehicles, and in some cases, at least, falsely notarized documents that were submitted to the BMV. Many of the alleged fraudulent transactions in this case were made via United States mail.

## Analysis

To prove its conspiracy charge, the Government must show (1) an agreement to accomplish an illegal objective; (2) one or more overt acts in furtherance of this purpose; and (3) an intent to commit one or both of the substantive offenses. *See United States v. Cueto*, 151 F.3d 620, 623 (7th Cir. 1998). To convict each defendant, the Government will need to prove that not only did the conspiracy alleged exist, but that the defendant knew of the conspiracy and intended to join and further the conspiracy's aims. *See United States v. Hunt*, 272 F.3d 488, 495 (7th Cir. 2001).

Relative to the substantive offenses as charged in the indictment, and specifically Count 1, which charges the encouraging of illegal entry by an alien for the purpose of commercial advantage and financial gain, in order to find any defendant guilty of this charge, the government would have to prove the following elements beyond a reasonable doubt (1) the defendant encouraged and induced aliens to come to, enter, and reside in the United States; (2) the persons encouraged and induced were in fact aliens (or persons who are not citizens or nationals of the United States); (3) the defendant acted knowingly and with reckless disregard that the aliens coming to, entry into, and residence in the United States would be in violation of the law; and (4) the defendant did so for the purpose of commercial advantage and private financial gain. *See* Seventh Circuit Pattern Jury Instructions, p. 116, 118 (revised 2012); *see also United States v.*

*Fujii*, 301 F.3d 535, 539-40 (7th Cir. 2002). Similarly, in order to find any defendant guilty of concealing or harboring aliens for the purpose of commercial advantage and financial gain, as alleged in Count 1, the government would have to prove that (1) the defendant concealed, harbored, or shielded from detection aliens; (2) the persons concealed, harbored, or shielded from detection were in fact aliens; (3) the aliens came to, entered, or remained in the United States in violation of the law; (4) the defendant knew that the alien was not lawfully in the United States; and (5) the defendant did so for the purpose of commercial advantage and private financial gain. *See* Seventh Circuit Pattern Jury Instructions, p. 113, 118 (revised 2012); *see also United States v. Yu Tian Li*, 615 F.3d 752, 755 (7th Cir. 2010).

Relative to Count 2, which charges the defendants with knowingly and intentionally conspiring to commit mail fraud in furtherance of the conspiracy described in Count 1, in violation of 18 U.S.C. § 1341, the government must prove that (1) the defendant knowingly devised or participated in a scheme to defraud, as described in Count 1; (2) the defendant did so with the intent to defraud; (3) the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and (4) for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States Mails in the manner charged. *See* Seventh Circuit Pattern Jury Instructions, p. 393 (revised 2012). In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the material false or fraudulent pretenses, representations or promises charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. *Id*. at p. 398.

**Motion to Strike Surplusage**

The Federal Rules of Criminal Procedure provide that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The court's decision on a Rule 7(d) motion turns on considerations of relevance and prejudice. *United States v. O'Connor,* 656 F.3d 630, 645 (7th Cir. 2011) (citing *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006) ("Surplusage should not be stricken unless 'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'") (citation omitted)).

Defendants primarily want any reference to defendants' alleged false representations or fraudulent acts to be omitted [DE 1 ¶¶ 5, 6, 9, 14, 15, 17, 18, 21, 22, 24, 25, 27-34]. However, these passages simply describe the defendants' overt acts, as well as their manner and means used to accomplish the charged conspiracy's purposes. These facts are essential to proving the offenses charged, and defendants do not argue that the government need not prove that one or more of the overt acts were taken in furtherance of the conspiracy. *See e.g., United States v. Tello*, 687 F.3d 785, 795-96 (7th Cir. 2012) (noting that neither section 1962(d) nor the case law interpreting that subsection of RICO required such proof, and so any allegation as to overt acts, including predicate acts of racketeering, that Tello may have committed in furtherance of the charged conspiracy, would constitute surplusage rather than an essential element of the charged conspiracy). In other words, having set forth the elements of the offenses charged, it is clear that what the defendants seek to strike from the indictment, ought not to be stricken because the information is relevant and not prejudicial—the language defendants want removed simply describes the alleged conspiracy, the manner and means of accomplishing the agreement's goals, and the defendants' overt acts performed to accomplish the conspiracy's goals. Moreover, the

wire fraud charge (Count 2), is based on the scheme described in Count 1, and as indicated, the government must show that defendant knowingly devised or participated in a scheme to defraud, the defendant did so with the intent to defraud, and that the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise. Thus, the indictment's reference to the alleged false representations or fraudulent acts is nothing more than a "plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c), and the allegations are relevant to the charges because they describe the underlying scheme and conspiracy. *See United States v. O'Connor,* 656 F.3d 630, 646 (7th Cir. 2011) (the form of the indictment did not contain irrelevant and prejudicial surplusage even though some parts of the indictment described facts that pertained only to the involvement of others in the scheme because the wire fraud count against the defendant incorporated by reference the entire fraudulent scheme and was actually included in the charge against the defendant); *United States v. Marshall*, 985 F.2d 901, 906 (7th Cir. 1993) ("close examination of the indictment reveals that the language utilized is neither inflammatory nor prejudicial. The language of the indictment can hardly be characterized as immaterial since it delineates with great specificity the numerous charges alleged by the government against each defendant."); *see also United States v. Montour*, 944 F.2d 1019, 1026 (2nd Cir. 1991) ("However, as long as the overt acts alleged are relevant to the conspiracy charge, the trial judge's refusal to strike is not error."). There is nothing irrelevant or immaterial about the defendants' conduct that shows the existence of the conspiracy and the defendants' involvement in it. Moreover, while defendants may have wished the government to use a less exacting description of the crimes, the allegations do not inflame nor cause prejudice.

      For these same reasons, the Court declines to strike the passages of the indictment

alleging that defendants targeted those who reside in the United States illegally and solicited customers from Hispanic communities by advertising for what appeared to be legitimate services [DE 1 at ¶¶ 1, 12, 13]. These allegations merely indicate the object of the conspiracy's illegal objectives—that is, "to encourage and induce aliens to come to, enter, and reside in the United States" and "to conceal, harbor, or shield aliens from detection" while using the United States mail to commit the fraud. Because the passages identified by defendants in the indictment are relevant, material, and not prejudicial, the request to strike surplusage is denied. The Court also notes that the jury will be instructed that the indictment is not evidence and that a verdict must be based only upon the evidence presented in the case.

**Motion In Limine**

Defendants also move in limine to prevent the admission of (1) any allegations that defendants committed false, fraudulent, or deceitful acts against the BMV and Secretary of State by creating LLC's on behalf of customers and applying for vehicle registrations or certificates of title in the name of the LLC's created [DE 88 at 1-2], and (2) any evidence that defendants falsely notarized signatures without proof that defendants intended for the documents to be notarized and submitted, and that defendants misrepresented the purchase price of vehicles for the purpose of reducing the tax consequences [DE 88 at 2-3].

Defendants fail to provide any basis or cite any legal authority supporting their position that this evidence should not be admitted. The Court will not craft arguments for defense counsel, and for this reason the Motion in Limine is denied. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim.").

The Court would also note that the evidence sought to be excluded is relevant to the

7

crimes charged, consistent with Fed. R. Evid. 401 and 402, as it represents direct evidence of the defendants' conduct which shows the existence of the conspiracy, the defendants' involvement in it, and the mens rea of the defendants. Fed. R. Evid. 401 (relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence); Fed. R. Evid. 402 (unless otherwise requiring exclusion, relevant evidence is admissible). However, a court must also weigh whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010) (citing Fed. R. Evid. 403). Only if the court determines that Rule 403's balancing test weighs in favor of admission is the disputed evidence then placed before the jury. *Id*.

The evidence in question—false, fraudulent, or deceitful acts against the BMV and Secretary of State by the creation of LLC's on behalf of customers, as well as falsely notarized signatures and misrepresentations relative to the purchase price of vehicles—will be necessary to prove the offense conduct and state of mind of the defendants. Certainly there is prejudice in the sense that the evidence will tend to show the defendants' guilt, but that is not the prejudice with which Rule 403 is concerned. *Id*. at 720. The Court concludes that this direct evidence of defendants' guilt has probative value which is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See United States v. Nolan,* 910 F.2d 1553, 1559 (7th Cir. 1990) (holding that defendant's admissions were direct evidence of the crime and any prejudice from this evidence resulted solely from its tendency to connect the defendant to the crime, and such "prejudice" is not unfair; connecting defendants to the crimes they allegedly committed is the

reason for holding trials). As noted by the government, if the defendants want to argue that their deeds were committed solely to help their customers apply for vehicle registrations and for no other reason, they may advance such a theory at trial.

At this time, there has been no showing that the exclusion of this evidence is required on account of it being unfairly prejudicial under Fed. R. Evid. 403. However, during the course of trial, counsel can make objections to any evidence sought to be admitted, and the Court will revisit the request.

## Conclusion

Accordingly, the Court **DENIES** the Defendant Raul Rafael Roman Camacho's Motion in Limine [DE 88] and Motion to Strike [DE 89].

SO ORDERED.

ENTERED:  December 28, 2012

>            /s/ JON E. DEGUILIO           
> Judge
> United States District Court