UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:12-CR-067 JD |
| ) | |
| OMAR DURAN LAGUNES (01) ) | |
| MARGARITO FUENTES REYES (02) ) | |
| RAUL RAFAEL ROMAN CAMACHO (03) ) | |
| LUIS OMAR MONTES MERINO (04) ) | |
| YALITZA EXCLUSA BORRERO (05) ) | |
| EVELYN RIVIERA BORRERO (06) ) | |

## **Opinion and Order**

Pending before the Court is a government motion to sever the trial of Defendant Raul Rafael Roman Camacho from the trial of his five co-defendants [DE 159]. All defense counsel have responded to the motion indicating that they have no objection to the request given the *Bruton* issues alleviated by granting the severance [DE 162, 163, 164, 166, 167, 171]. For the following reasons, the Court grants the motion.

## **Discussion**

Federal Rule of Criminal Procedure 14(a) states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment." *Zafiro v. United States*, 506 U.S. 534, 539 (1992); United States v. Plato, 629 F.3d 646, 651 (7th Cir. 2010) (quoting *Zafiro*). "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is outweighed by the

economies of a single trial in which all facets of the crime can be explored once and for all." *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009) (citation omitted). Yet, as the permissive language of the rule indicates, the decision whether to grant a defendant's severance motion under Rule 14 is discretionary. *Id.*; *see Zafiro*, 506 U.S. at 538–39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). District courts should continue to evaluate the risk of undue prejudice resulting from joint trials throughout the proceedings. *United States v. Morales*, 655 F.3d 608, 624-25 (7th Cir. 2011) (citation omitted).

The government contends in its motion to sever that if tried together with his co-defendants, then Defendant Raul Rafael Roman Camacho would be deprived of a fundamentally fair trial [DE 159]. The reason is that the government intends to introduce a redacted statement of Defendant Raul Rafael Roman Camacho (taken from Mr. Roman's interview with Special Agent Havlin), redacted to avoid implicating any non-testifying co-defendant consistent with *Bruton v. United States,* 391 U.S. 123 (1968). Mr. Roman, however, contends that the redactions distort the actual content of his statement and that he will be unable to effectively place the statement into context on cross-examination without implicating other defendants in violation of *Bruton*. The government acknowledges this problem and believes that without proof of the statement made by Mr. Roman to Special Agent Havlin, its evidence would be insufficient to proceed to a jury verdict as to Mr. Roman. Every defendant has responded by indicating that they have no objection to severing Mr. Roman from the trial [DE 162, 163, 164, 166, 167, 171].

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant to be confronted with the witnesses against him. The right of confrontation includes the right to cross-examine witnesses. *Richardson v. Marsh*, 481 U.S. 200, 207 (1987). Indeed,

2

severance is proper where the government intends to use a co-defendant's hearsay confession against him but where admission of that confession in the trial of another co-defendant would violate that co-defendant's right to confront witnesses against him. *See e.g.,United States v. Sutton,* 337 F.3d 792, 798-99 (7th Cir. 2003).

If the statement in question (even if redacted) is admitted into evidence, Mr. Roman could be denied his right to effectively cross-examine the witness without violating *Bruton*. If the statement in question is excluded, then the government's case would be prejudiced. Thus, a severance is necessary pursuant to Rule 14 in order to prevent prejudice to the government and the defendants.

## **Conclusion**

Accordingly, the Court GRANTS the government's uncontested motion to sever [DE 159]. Defendants Omar Duran Lagunes, Margarito Fuentes Reyes, Luis Omar Montes Merino, Yalitza Exclusa Borrero, and Evelyn Riviera Borrero will proceed to jury trial as scheduled on Monday, January 14, 2013. Defendant Raul Rafael Roman Camacho's jury trial will be RESET by way of separate order. As a result of Mr. Roman's severance from the trial of his co-defendants, the motions in limine filed by Defendant Omar Duran Lagunes [DE 148] and Defendant Raul Rafael Roman Camacho [DE 156] concerning the exclusion of Mr. Roman's statement are DENIED AS MOOT.

SO ORDERED.

ENTERED:  January 10, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court