UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 3:12-CR-067 JD |
| ) | |
| OMAR DURAN LAGUNES (01) ) | |
| MARGARITO FUENTES REYES (02) ) | |
| RAUL RAFAEL ROMAN CAMACHO (03) ) | |
| LUIS OMAR MONTES MERINO (04) ) | |
| YALITZA EXCLUSA BORRERO (05) ) | |
| EVELYN RIVIERA BORRERO (06) ) | |

### Opinion and Order

On January 7, 2013, the government filed a notice of its intent to submit evidence to the jury concerning Defendant Mr. Margarito Fuentes Reyes, consistent with Fed. R. Evid. 404(b) [DE 147]. Mr. Reyes, by counsel, responded to the notice and objects to the admission of the Rule 404(b) evidence [DE 177]. For the following reasons, the Court intends to deny the admission of the evidence identified by the government.

### Discussion

Defendants have been charged with conspiring to commit substantive immigration offenses in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I)—specifically, that they conspired to "encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law," in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and to "conceal, harbor, or shield aliens from detection knowing and in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law," in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); and it is alleged that both objectives were done "for private gain and commercial advantage," subjecting the defendants to enhanced penalties under 8 U.S.C. § 1324(a)(1)(B)(i). Defendants have also been charged with conspiring to commit mail fraud in

furtherance of the conspiracy described in the first count, in violation of 18 U.S.C. § 1341.

Given the nature of the charges, it is likely that at trial, the issue of whether defendants knew that the aliens they allegedly assisted with securing vehicle registrations, license plates, or titles (hereinafter "customers") were not lawfully in the United States. As a result, the government has submitted a notice of its intent to submit evidence of the fact that Mr. Reyes came to the United States through the use of a smuggler in an attempt to show "Mr. Reyes' knowledge of his customers' illegal status." [DE 147 at 1]. However, Mr. Reyes argues that "[w]hether or not Mr. Fuentes [Reyes] used a smuggler in the past has nothing to do with the elements charged" and the evidence is not properly admitted under Rule 404(b) [DE 177]. Mr. Reyes also contends that the evidence does not pass muster under Rule 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the jury, and needlessly presenting cumulative evidence. *Id*.

Rule 404(b) states in relevant part: "(1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Thus, Rule 404(b) permits admission of evidence of the defendant's prior bad acts in certain circumstances and for certain purposes; however, it is not admissible to prove character or to show action in conformity therewith. In determining whether "other acts" evidence is admissible under Rule 404(b), courts examine whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the

2

defendant committed the similar act; and, (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. White*, 698 F.3d 1005, 1017-18 (7th Cir. 2012). The Court should explain the rationale behind its Rule 403 balancing conclusion. *United States v. Price*, 617 F.2d 455, 460 (7th Cir. 1980).

Simply put, the cases cited by the government in support of its position that the evidence of Mr. Reyes being smuggled into the United States is permissible under Rule 404(b) to show his "knowledge of their customers' illegal status" are clearly distinguishable from the present case. [DE 147 at 1-2]. First, *United States v. Rubio-Gonzalez*, 674 F.2d 1067 (5th Cir. 1982) involved a defendant who was convicted of two counts for shielding two aliens from detection by the INS when he warned the aliens (the defendant's co-workers) that INS agents were present to verify the immigration status of the employees, under 8 U.S.C. § 1324(a). During the jury trial, records were admitted which showed the defendant's own prior illegal re-entries into the United States for the limited purpose of showing the defendant's own state of mind and knowledge (at the time of the indicted acts) of the practices and procedures of immigration officers in investigating, apprehending, and deporting aliens and his knowledge concerning the required documentation for alien workers. *Id*. The defendant's illegal re-entry documents also reflected the defendant's knowledge relative to the immigration status of the illegal aliens he shielded, because the documents showed that the defendant was from the same home state as the aliens and had been apprehended after crossing into the United States at the same location as the aliens. *Id*.

Unlike *Rubio-Gonzalez*, the government has provided no basis for finding that Mr. Reyes' own experience of being illegally smuggled into the country—at some unknown time and unknown location with possibly unknown others—somehow provides him with knowledge concerning the customers' illegal status. In other words, the government provides no

3

information to suggest that Mr. Reyes' illegal entry experience was somehow similar or related to or bore any relationship to his customers' illegal entry experiences, such that Mr. Reyes would have personal knowledge of the customers' immigration status.

Similarly, *United States v. Saldivar-Gadea*, 454 Fed.Appx. 642 (9th Cir. 2011) (unpublished opinion), upon which the government relies, is distinct from the present case. In *Saldivar-Gadea*, the defendant was convicted of one count of conspiring to transport illegal aliens and three counts of transporting aliens for profit, under 8 U.S.C. § 1324(a)(1)(A)(ii). During the jury trial, the defendant's four year old prior arrest on suspicion of alien smuggling was admitted under Rule 404(b) to show the defendant's knowledge of how to smuggle aliens into the country. *Id.* Unlike the circumstances presented in *Saldivar-Gadea*, in this case the government has offered no suggestion that the customers were smuggled into the country in a fashion similar to Mr. Reyes' entry or that the customers' illegal entries bore any relation to Mr. Reyes' illegal entry, such that Mr. Reyes would have some knowledge as to their immigration status.

Finally, in *United States v. Santiago*, 402 Fed.Appx. 881 (5th Cir. 2010) (unpublished opinion), evidence of the defendant's prior conviction for aiding and abetting undocumented aliens was admitted under Rule 404(b) as proof of his intent to commit the nearly identical crimes charged—conspiracy to bring in and transport an illegal alien within the United States. For all offenses, the defendant had similarly transported the aliens in a vehicle not registered to him and explained to Border Patrol Agents that he was unaware of their undocumented status and had picked them up at a service station because they needed a ride. *Id.* Unlike the circumstances of *Santiago,* where the prior bad act evidence was similar to the offense charged and went to show defendant's intentions, the government has not shown how Mr. Reyes could

4

have gained some insight into his customers' illegal immigration status simply based on his own illegal entry. Nor has the government provided any alternative basis for the admission of this prior misconduct of the accused under Rule 404(b).

This is only to say that at this point in time, the government has not offered a sufficient basis for the Court to conclude that Mr. Reyes' illegal entry into the United States by way of a smuggler, tends to support the purpose offered by the government, i.e., knowledge that the customers were likewise illegal aliens. Moreover, the Court expresses some doubt whether the evidence is admissible for some other purpose, such as proving Mr. Reyes' motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident, consistent with Rule 404(b). Thus, the Court does not intend to allow such evidence to be admitted under Rule 404(b) at this time.

As a reminder, for the evidence to be admissible, the government would not only have to surpass the Rule 404(b) hurdle, but it would also have to show that the evidence is relevant under Rule 402, and that its probative value is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, consistent with Rule 403. *See United States v. Earls*, No. 11-3347, — F.3d —, 2012 WL 6701860 (7th Cir. Dec. 27, 2012) ("Rule 404(b) does not provide a rule of automatic admission whenever bad acts evidence can be plausibly linked to 'another purpose,' such as knowledge or intent, listed in the rule. The Rule 402 requirement of relevance and the unfair prejudice balancing inquiries of Rule 403 still apply with full force . . . [w]hen determining the admissibility of evidence under Rule 403, this Court 'employs a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice.'") (internal citations and citation omitted).

5

At this stage, the relevance and probative value of such evidence is questionable and thus it appears that the only relevancy this evidence has to the case is to potentially cause prejudice to Mr. Reyes by providing the jury with irrelevant information concerning the method by which Mr. Reyes illegally entered into the United States—the type of evidence that might create the risk that the jurors will act on the basis of emotion or induce the jury to decide the case on an improper basis. As a result, the Court does not intend to admit the evidence of Mr. Reyes' illegal entry.[1]

**Conclusion**

Accordingly, it is this Court's intention to reject the admission of the government's Rule 404(b) evidence, however, the government may raise the issue again at trial under some other theory, subject to the concerns already expressed by the Court, in an attempt to provide a sufficient basis for its admissibility.

SO ORDERED.

ENTERED:  January 11, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] Should the evidence later be deemed admissible, it would be the Court's intention to provide a limiting jury instruction consistent with the Seventh Circuit's Pattern Criminal Jury Instruction § 3.11 (rev. 2012), which states:
> You have heard [testimony; evidence] that the defendant committed [crimes; acts; wrongs] other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant did the [crimes; acts; wrongs] that are not charged in the indictment. If you decide that he did, then you may consider this evidence to help you decide [describe purpose for which other act evidence was admitted]. You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for conspiring to violate one or more provisions of the immigration laws by encouraging and inducing aliens or concealing, harboring, or shielding aliens from detection and conspiring to commit mail fraud, not for the other [crimes; acts; wrongs].