UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RAUL RAFAEL ROMAN CAMACHO (03) ) | Case No. 3:12-CR-067 JD |

## **ORDER**

Now before the Court is Defendant Raul Rafael Roman Camacho's Third Motion in Limine [DE 175], seeking to prohibit the government from introducing a statement that Mr. Roman allegedly made to investigators. The government moved to strike the motion or in the alternative for an extended period of time to respond due to the fact that the case against Mr. Camacho's co-defendants was about to proceed to trial [DE 180]. The Court set an extended briefing schedule, and the matter is now ripe for ruling. Because Mr. Roman's motion is based on a supposed conflict between a document provided by the government only a few days before the motion was made, the Court will deny the government's motion to strike. Proceeding to the merits, however, the Court holds that Mr. Roman's argument is without basis or merit, and therefore denies the motion.

Mr. Roman allegedly gave a statement to Special Agent Havlin indicating that he was aware that what his co-defendant, Omar Duran Lagunes, was doing was illegal. Because the statement apparently also implicates his co-defendants, it would not be admissible in a joint trial. *Bruton v. United States*, 391 U.S. 123 (1968). To get around this problem, the government proposed to introduce a stipulated redacted statement containing the substance of Mr. Roman's statement as it implicated himself, without directly implicating his co-defendants. After Mr. Roman and others objected to the statement, however, the government changed course and moved to sever Mr. Roman from the other defendants so that Mr. Roman could fully exercise his right to cross-examine

government agents about the alleged statement without prejudicing the co-defendants. Mr. Roman seeks to exclude any statement that he allegedly made to investigators because he believes the two versions of the statement (the agent's report of the original interview and the summary statement proposed by the government in an effort to avoid a *Bruton* violation) conflict. Specifically, he points out that the report claims that Mr. Roman admitted that he knew what his alleged co-conspirator was doing was illegal, whereas the proposed summary statement suggests that Mr. Roman admitted he knew that what he himself was doing was illegal. This inconsistency, according to Roman, makes the original statement "demonstrably unreliable."

Mr. Roman seeks to exclude the statement under Federal Rule of Evidence 403, arguing that "the probative value of this evidence is outweighed by a danger of misleading the jury." The correct standard is actually that the "probative value [of the evidence] is *substantially* outweighed by a danger of . . . misleading the jury," *see* Fed. R. Evid. 403, but, regardless, this argument fails for a number of reasons. First, according to the government, Special Agent Havlin did not prepare or authorize the proposed summary statement. If that was indeed the case, then the contents of the summary have no bearing on the reliability of the original statement; in fact, the summary would not be relevant for any purpose at trial, since it is now unnecessary to avoid implicating co-defendants and is not a prior statement of a witness.

Second, even assuming that the government's proposed summary is a statement or an adopted statement of Special Agent Havlin, prior inconsistent statements by witnesses go to challenge the weight and credibility of Havlin's testimony, not its admissibility. Mr. Roman provides no authority at all for the notion that testimony can be excluded simply because it is inconsistent with other evidence in the record. The probative value of Mr. Roman's alleged admission that he knew that what the alleged co-conspirator was doing was illegal is extremely high.

2

There is nothing "misleading" about the evidence, unless Mr. Havlin misunderstood or misreported Mr. Roman's statement—that is certainly an argument Mr. Roman may make to the jury (if he can establish that the proposed summary is Havlin's statement), but it is not the basis for an exclusion under Rule 403. Therefore, the probative value of Mr. Roman's statement to investigators is not substantially outweighed by a danger of misleading the jury.

For the reasons discussed, the Government's Motion to Strike [DE 180] is **DENIED**. Likewise, Defendant Raul Rafael Roman Camacho's Third Motion in Limine [DE 175] is **DENIED**.

SO ORDERED.

ENTERED:  April 18, 2013

                                                  /s/ JON E. DEGUILIO
Judge
United States District Court